# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GWENDOLYN SOTER, | : | |
| Plaintiff, | : | Case No. 3:14cv00220 |
| vs. | : | District Judge Thomas M. Rose<br>Chief Magistrate Judge Sharon L. Ovington |
| CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration, | :<br><br>: | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon the Commissioner's Unopposed Motion For Remand.  (Doc. #12).  In light of the parties' agreement, the Court finds that an Order entering judgment in Plaintiff's favor and against Defendant, and remanding this matter to the Social Security Administration under sentence four of 42 U.S.C. §405(g) for further administrative proceedings, is warranted.

The parties agree that, on remand, "the Appeals Council will vacate all findings in the Administrative Law Judge's decision.  On remand, the Appeals Council will direct the Administrative Law Judge to develop the record with regard to the claimant's work history and clarify the source of 'self-employment income' in 2011, given evidence in the record that indicates income from this year was from a settlement agreement with her

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

former employer's insurance company over her long term insurance policy (Exhibit 45E, pages 22-29; Tr. 622-20), and her testimony during the hearing indicating the same (Hearing Recording, 2:15:18 P.M.)." (Doc. #12, *PageID#* 1308).

The parties also agree that on remand, "the Appeals Council will also direct the Administrative Law Judge to re-evaluate all of the medical source opinions in the record. Additionally, medical expert evidence may be appropriate in this case to provide a longitudinal overview of the claimant's medically determinable impairments. After reevaluating the opinion evidence of record pursuant to Social Security Rulings 96-2p, 96-5p, 96-6p, and 06-03p, the ALJ will reassess the claimant's maximum residual functional capacity throughout the period at issue. The Administrative Law Judge will also reevaluate the claimant's credibility pursuant to Social Security Ruling 96-7p." (*Id.*, *PageID#* 1309).

In addition, the parties agree that "the Appeals Council will direct the Administrative Law Judge to offer the claimant the opportunity for [a] hearing. The Appeals Council and the Administrative Law Judge will try to accommodate claimant's request that this hearing be held in-person at the Dayton, Ohio, Office of Disability Adjudication & Review. Additionally, if warranted, the Administrative Law Judge will obtain supplemental evidence from a vocational expert to clarify the effect of the reassessed limitations of the claimant's occupational base." (*Id.*).

In light of the claimant's alleged onset disability date – April 24, 2008 – the parties also agree a hearing before the ALJ should be scheduled as soon as possible. (*Id.*).

## IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's Unopposed Motion For Remand (Doc. #12) be GRANTED;

2. The Clerk of Court be directed to enter Judgment in favor of Plaintiff and against Defendant reversing Defendant's final decision and remanding this matter to the Social Security Administration pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with an Order adopting this Report and Recommendations; and

3. The case be terminated on the docket of this Court.

February 19, 2015

                                               s/Sharon L. Ovington
                                               Sharon L. Ovington
                                       Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).